O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

JUN 1 7 2009

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NORA L. ROWLAND,                    )   Case No. EDCV 08-1297 RNB
                    Plaintiff,      )
                                    )   ORDER AFFIRMING DECISION OF
            vs.                     )   COMMISSIONER
                                    )
MICHAEL J. ASTRUE,                  )
Commissioner of Social Security,    )
                                    )
                    Defendant.      )
_____     )

The Court now rules as follows with respect to the seven disputed issues listed in the Joint Stipulation.[1]

As to Disputed Issue No. 1, the Court concurs with the Commissioner that reversal is not warranted based on the alleged failure of the Administrative Law Judge ("ALJ") to comply with the remand orders as they related to the third party questionnaire completed by Ms. Flores. The ALJ's decision reflects that he did

---

[1]   As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

1    consider the testimony of Ms. Flores as reflected in her third party questionnaire. (See

2    AR 692). Further, for the reasons stated by the Commissioner (see Jt Stip at 7-9), the

3    Court finds that the ALJ did provide reasons germane to Ms. Flores for discounting

4    her testimony that were sufficiently specific for the Court to conclude that the ALJ did

5    not arbitrarily discredit that testimony.

6         As to Disputed Issue No. 2,[2] the Court generally subscribes to the view that

7    Global Assessment of Functioning ("GAF") ratings assessed by treating and

8    examining physicians are relevant when the issue presented is whether the plaintiff

9    suffers from a severe mental impairment.  Here, however, the first ALJ's residual

10   functional capacity ("RFC") determination presumed that plaintiff did suffer from

11   severe mental impairments. (See AR 16-17). As the Commissioner points out, "in

12   interpreting the evidence and developing the record, the ALJ does not need to 'discuss

13

14        [2]    The Court notes that plaintiff, who was represented by the same counsel

15   in her prior federal court action (Case No. EDCV 06-917 RNB), failed to raise this

16   issue as a disputed issue in the prior action.  As a result, this issue was outside the

17   scope of the Court's remand order. (See AR 706-09). The Court also notes that, when

     the ALJ identified the two defects in the first ALJ's decision at the second

18   administrative hearing (i.e., the failure to consider the testimony of Ms. Flores as

19   reflected in her third party questionnaire and provide reasons germane to Ms. Flores

     for discounting her testimony, and the failure to provide reasons germane to Mr.

20   White for discounting his testimony as reflected in his Parole Agent Questionnaire),

21   plaintiff's counsel did not raise as an additional issue the first ALJ's alleged failure

     to properly consider the treating source opinions that plaintiff now contends

22   constitutes a basis for reversal.  Rather, when asked whether he had any opening

23   remarks to make in response to the ALJ's identification of the two defects in the first

24   ALJ's decision, plaintiff's counsel responded in the negative. (See AR 800). Under

     the circumstances, the Court questions whether plaintiff now should be judicially

25   estopped from even raising this issue. See Hamilton v. State Farm Fire & Cas. Co.,

26   270 F.3d 778, 782 (9th Cir. 2001) ("Judicial estoppel is an equitable doctrine that

27   precludes a party from gaining an advantage by asserting one position, and then later

     seeking an advantage by taking a clearly inconsistent position."). However, that is not

28   the basis for the Court's decision.

2

1    every piece of evidence.'" See Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012

2    (9th Cir. 2003).  Rather, the ALJ need only discuss evidence that is significant and

3    probable.  See id.; see also Vincent v. Heckler 739 F.2d 1393, 1394-95 (9th Cir.

4    1984) (affirming where ALJ had failed to mention letter from plaintiff's treating

5    psychiatrist concluding that plaintiff was severely impaired).  To the extent that the

6    treating source "opinions" cited by plaintiff did not purport to opine on any functional

7    limitations resulting from plaintiff's severe mental impairment(s), the Court concurs

8    with the Commissioner that the ALJ did not err in failing to discuss those "opinions"

9    since they were not probative of plaintiff's RFC.[3]  Moreover, to the extent that Drs.

10   Ali and Held did purport to opine on functional limitations resulting from plaintiff's

11   severe  mental  impairment(s)  (see  AR  249,  776),  the  Court  concurs  with  the

12   Commissioner  that  their  opinions  were  not  inconsistent  with  the  ALJ's  RFC

13   determination,  which  accommodated  plaintiff's  mental  functional  limitations  by

14   limiting her to the performance of entry level, routine, repetitive tasks, and to working

15   with things rather than people. (See AR 689). Consequently, the ALJ's error (if any)

16   in failing to discuss the opinions of Drs. Ali and Held was harmless.  See Burch v.

17   Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be

18   reversed for errors that are harmless."); Curry v. Sullivan, 925 F.2d 1127, 1131 (9th

19   Cir. 1991).

20        As to Disputed Issue No. 3, the Court concurs with the Commissioner that the

21   ALJ did not err by failing to consider the side effects of plaintiff's medications, as

22   required by Social Security Ruling 96-7p. Medication side effects must be medically

23   documented in order to be considered.  See Miller v. Heckler, 770 F.2d 845, 849

24   

25        [3]    The Court also notes that substance abuse appears to have played a factor
26   on many of the occasions on which the "opinions" regarding plaintiff's GAF cited by
27   plaintiff were rendered (see AR 249, 265, 295, 312, 317, 371, 567); and that on one
     of the occasions, plaintiff's failure to take her prescribed anti-depressant medication
28   appears to have played a factor (see AR 286).

1   (1985). Thus, plaintiff's reporting of side effects in various disability reports (see Jt
2   Stip at 19) did not need to be considered. The only instance of medical documentation
3   of side effects cited by plaintiff is a reference to tiredness in Dr. Cabugao's March 25,
4   2003 treatment notes.  (See AR 381).  However, as the Court observed in its prior
5   decision in Case No. EDCV 06-917 RNB, another of plaintiff's treating psychiatrists,
6   Dr. Lawrence, noted "denies" regarding medication side effects in his treatment notes
7   of July 28, 2004, October 14, 2004, November 18, 2004, and December 16, 2004.
8   (See AR 500, 547, 548, 549). Moreover, on February 17, 2005, Dr. Lawrence made
9   the following notation regarding medication side effects: "none offered." (See AR
10   581). Then, on April 7, 2005, Dr. Lawrence noted "n/a" regarding medication side
11   effects. (See AR 583). On May 5, 2005, June 2, 2005, July 14, 2005, July 21, 2005,
12   and September 20, 2005, Dr. Lawrence again noted "denies" regarding medication
13   side effects.  (See AR 584, 585, 587, 623, 634).  In addition, as the ALJ observed,
14   plaintiff reported to another of her treating psychiatrists, Dr. Villar, on March 6, 2006
15   that she was experiencing no side effects from her medications (see AR 768); and that,
16   while plaintiff subsequently expressed some dissatisfaction with her medications (see
17   AR 765-66), Dr. Villar adjusted her medications and by July, 2006, plaintiff again was
18   responding well (see AR 763).

19       As to Disputed Issue No. 4, the Court concurs with the Commissioner that the
20   medical evidence cited by plaintiff that was obtained subsequent to the issuance of the
21   first ALJ decision does not substantiate any worsening of plaintiff's condition.
22   Accordingly, the Court finds that reversal is not warranted based on the ALJ's alleged
23   failure to "appropriately represent" the medical evidence.

24       As to Disputed Issue No. 5, for the reasons stated by the Commissioner (see Jt
25   Stip at 30-31), the Court finds that reversal is not warranted based on the ALJ's
26   alleged failure to properly consider Dr. Taylor's opinions because the ALJ did provide
27   sufficiently specific and legitimate reasons for rejecting Dr. Taylor's conclusions
28   regarding the severity of plaintiff's mental impairment. (See AR 691-92).

4

As to Disputed Issue No. 6, for the reasons stated by the Commissioner (see Jt Stip at 33), the Court finds that reversal is not warranted based on the ALJ's alleged failure to properly consider one of the State Agency's psychiatrist's opinions.  Dr. Becraft's ultimate opinion regarding plaintiff's RFC (i.e., that plaintiff was capable of sustaining simple repetitive tasks with adequate pace and persistence, and capable of adapting and relating to coworkers and supervisors, but not capable of working with the public (see AR 516)) was entirely consistent with the other state agency physician's ultimate opinion regarding plaintiff's RFC (see AR 625), and not inconsistent with the ALJ's RFC determination.

Finally, as to Disputed Issue No. 7, it follows from the Court's rejection of plaintiff's other contentions that reversal is not warranted based on the alleged failure of the ALJ to pose a complete hypothetical to the vocational expert.  Hypothetical questions posed to a vocational expert need not include all alleged limitations, but rather only those limitations substantiated by the evidence of record that the ALJ finds to exist.  See, e.g., Osenbrock v. Apfel, 240 F.3d 1157, 1164-65 (9th Cir. 2001); Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir. 1989); Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir. 1988); Martinez v. Heckler, 807 F.2d 771, 773-74 (9th Cir. 1986).  Here, the hypothetical posed to the vocational expert did comport with the limitations substantiated by the evidence of record that the ALJ found to exist. (See AR 802).

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: June 16, 2009

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

5